

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JANICE BIRNBAUM
Phone: (212) 356-2085
Fax: (212) 356-2439
E-mail:jbirnbau@law.nyc.gov

October 28, 2015

*By ECF*
Hon. George B. Daniels, U.S.D.J.
United States District Court
500 Pearl Street
New York, N.Y.  10007

      Re:  *Grubbs v. Safir;*  92 Civ. 2132 (GBD)

Dear Judge Daniels:

      This letter is submitted on behalf of the Defendants, in light of the preliminary injunction that the Court entered last week in this case.  We write to advise that the New York City Department of Correction ("DOC") plans to resume the use -- on an intermittent basis -- of the four cameras at the Richmond County Criminal Court (the "Courthouse") that are the subject of the preliminary injunction.  As Your Honor is aware, those cameras were installed for security reasons to permit the visual monitoring of the pre-arraignment attorney-client interview booths, including blind spots in and obstructed views of the booths' interiors.  *See* Declaration of Frank Sacco, dated October 8, 2015, ¶¶4-7, 9-14, 25-27; Declaration of Hazel Jennings, dated October 8, 2015, ¶¶4-12.  In addition, the cameras significantly minimize the need for correction officer-detainee contact, thereby reducing the risks inherent in such contact.  Jennings Decl., ¶¶4-7; Sacco Decl., ¶5.  They also help to deter detainee-on-detainee violence, and alert DOC staff to situations in the booths that require correction officer intervention, such as medical emergencies, detainee self-harm, detainee-on-detainee violence, a detainee who hides or sleeps in a booth's corner, and the passing of contraband.  *See* Jennings Decl., *passim;* Sacco Decl., *passim.*

      Last week, Your Honor temporarily enjoined the Defendants from continuous minute-by-minute recording and monitoring by camera of attorney-client private consultations at the Courthouse's attorney-client interview rooms (see order at docket entry #82), while permitting the use of the cameras on an intermittent basis.  The cameras were disabled beginning on the morning of October 21, 2015 (the day after Your Honor's ruling from the bench) and remain so.  Since the ruling, DOC has investigated the technological capabilities of its security system to determine how the cameras' settings can be modified for use on an intermittent basis, as contemplated by the Court's order, pending a final resolution in this case.

DOC advises that the cameras can be recalibrated so that they are activated one minute on and one minute off.  DOC additionally advises that the security system cannot be recalibrated to intervals of less than one minute.  We believe that this interim, temporary procedure meets both the letter and the spirit of the Court's order, including addressing the concerns raised by the Court during oral argument.  This limited use of the cameras will also help to address some of the security concerns that DOC raised in its opposition papers, as the blind spots and obstructed views in the interview booths would at least be subject to intermittent coverage.[1]  The recordings would continue to be protected from disclosure by the attorney-client privilege, absent court order.  Additionally, the signs posted on the booth walls advising of the camera coverage -- and making clear that no audio is recorded -- would remain.  We plan to initiate this new protocol on Monday, November 2, 2015.

DOC continues to believe in the importance of complete and effective video surveillance of these blind spots and obstructed views, which cannot be fully monitored otherwise.  DOC's 14-point Antiviolence Reform Agenda[2] makes clear that comprehensive security camera coverage plays a central role in DOC's broader efforts to improve the safety and security of its new and existing facilities by preventing, among other things, inmate-on-inmate violence, improper use of force, and proliferation of dangerous contraband. I further note that the importance of upgrading and expanding visual monitoring is a key element of the stipulation recently entered in *Nunez v. City,* 11 CV 5845 (S.D.N.Y. Oct. 21, 2015) (Docket Entry #249),[3] which requires DOC to provide "Complete Camera Coverage of all areas of all Facilities by February 28, 2018" and to maintain video footage for 90 days.  *See* sections IX(1)(c) and (4) of the *Nunez* Stipulation regarding stationary camera video surveillance.  Finally, I note that visual monitoring is required by law.  *See* 9 NYCRR 7031.2(b) ("Visits or telephone communications between prisoners and their legal counsel shall not be monitored except visually."); 40 RCNY 1-09(g)(6) ("Visits shall not be listened to or monitored unless a lawful warrant is obtained, although visual supervision should be maintained."); DOC Directive 6000R ("visits between inmates and their legal counsel shall not be monitored except visually . . . [and] shall be kept confidential and protected unless a lawful warrant is obtained").

Given all of these factors, the Defendants believe that they have crafted a temporary, interim arrangement that complies with the Court's preliminary injunction.  Accordingly, we are providing the Court and Plaintiffs' counsel with advance notice of our intentions, and we will

---

[1] There are blind spots in the corners of the booths used by male pretrial detainees, which are not visible from the outside corridor where the correction officers patrol continuously. These booths are also sight-inaccessible from the corridor when the windows in the booth doors are blocked by detainees standing in front of them.  Sacco Decl., ¶¶ 6-7, 9-14; Jennings Decl., ¶¶6-8.  Moreover, the entire interview booth for females is not visible at all from the outside corridor.   Sacco Decl., ¶6.

[2] See statement annexed hereto as Exhibit A and available online at
http://www.nyc.gov/html/doc/downloads/pdf/sharepoint/Mayor_Announces_14_Point_Anti_Violence_Agenda.pdf.
.
[3] The so-ordered stipulation in *Nunez v. City* is annexed hereto as Exhibit B.

make ourselves available to meet with the Court and/or plaintiffs' counsel prior to Monday to address any questions or concerns.

                Respectfully,

                /s/

                Janice Birnbaum
                Senior Counsel

Encl.