UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CORALYN GRUBBS, LOUIS SMITH, ALI      :
RIVERA, and SEAN MILLER, individually and  :
on behalf of all other persons similarly situated,  :
                                                            :
                                      Plaintiffs,          :
                                                            :
                        v.                                  :
                                                            :
DERMOT F. SHEA, in his official capacity as      :
Police Commissioner of the City of New York;    :
NEW YORK CITY POLICE DEPARTMENT;         :
CYNTHIA BRANN, in her official capacity as      :
Commissioner of Correction of the City of New   :
York; NEW YORK CITY DEPARTMENT OF        :
CORRECTION; BILL DE BLASIO, in his          :
official capacity as Mayor of the City of New     :
York; THE CITY OF NEW YORK                   :
                                                            :
                                      Defendants.         :



**PRIVATE SETTLEMENT
AGREEMENT**

**WHEREAS** plaintiffs in the action titled *Grubbs, et al.* v. *Brown, et al.*, Case No.

92-cv-2132 (S.D.N.Y.) commenced an action by filing a Class Action Complaint on or about

March 25, 1992, against a number of defendants, including the City of New York (the "City"),

on behalf of, *inter alia,* its mayoral agency, the New York City Department of Correction (DOC)

(together, the "City Defendants"), alleging violations of plaintiffs' federal civil and related state

law rights;

**WHEREAS** the City Defendants denied any and all liability arising out of

plaintiffs' allegations;

**WHEREAS** on January 23, 1996, the Court certified a class of all persons who

are held by the City Defendants in police precincts, central booking facilities and criminal court

buildings in New York City while awaiting their arraignment, or who were held by the City

Defendants following arraignment in criminal court buildings while appearing for other proceedings in connection with their criminal prosecutions (the "Plaintiff Class");

**WHEREAS** plaintiffs and the City Defendants entered into a stipulation of settlement so-ordered on September 28, 1999 (the "1999 Stipulation"; Docket No. 61);

**WHEREAS** paragraph 11 of the 1999 Stipulation provided that the City would use its best efforts to construct or install by August 31, 1999, an interview booth for pre-arraignment detainees to consult privately with their counsel in the courthouse at 67 Targee Street, Staten Island, New York (the "Targee St. Courthouse");

**WHEREAS** in 2015 the Targee St. Courthouse was replaced with a new Richmond County Courthouse at 26 Central Avenue, Staten Island ("SI"), New York (the "SI Courthouse"), which has four attorney-client interview booths ("booths") for pre-arraignment detainees that were monitored by video cameras (the "cameras");

**WHEREAS** plaintiffs filed a motion by order to show cause on October 2, 2015, seeking the removal of the cameras from the pre-arraignment booths and thereafter pursuing related injunctive relief (hereinafter, the "2015 Litigation");

**WHEREAS** the City denies any and all liability arising out of plaintiffs' allegations;

**WHEREAS** video cameras and video camera housing units have been removed from the four attorney-client interview booths for pre-arraignment detainees at the SI Courthouse and have been installed on the ceilings and/or walls of the pre-arraignment holding pens;

**WHEREAS** the City and the plaintiffs (collectively, the "parties") now desire to resolve the issues raised in the 2015 Litigation without further proceedings and without

2

admitting any fault or liability, and have done so in this private settlement agreement ("Private Settlement Agreement" or "Agreement"); and

**WHEREAS** the City reserves the right to move to terminate and/or vacate paragraph 11 of the 1999 Stipulation after the Termination Date as defined in paragraph 4 below, and Plaintiffs reserve the right to oppose any such motion;

**NOW, THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN THE UNDERSIGNED, AS FOLLOWS**:

1.      In consideration for the relief set forth in paragraphs "2" and "3" below, Plaintiffs agree to dismissal of the 2015 Litigation with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "5" below.

2.      Subject to paragraph 3, the City may only install the video cameras outside the pre-arraignment attorney-client interview booths at the SI Courthouse, including on the ceilings and/or walls of the pre-arraignment holding pens. The video cameras will capture the detainee side of the booths.

3.      In the event the City determines there is a need for the installation or placement of video cameras inside the booths, given among other things, a change in (a) federal statute or regulation, or state or local statute or regulation, or (b) the use or layout of the SI Courthouse, the City's undersigned counsel shall notify plaintiffs' counsel in writing. This notice shall trigger a twenty (20) business day period during which the parties shall meet to attempt to come to an agreement as to any modifications of this Agreement (the "Notice Period"). Compliance with the notice and meet and confer obligations set forth in this paragraph are conditions precedent to seeking relief from a court to modify the terms of this Agreement.

Nothing in this paragraph shall be deemed an admission or acknowledgment of any kind by Plaintiffs that there are circumstances that would warrant such modifications.

4.      The City's obligations set forth in paragraph "2" terminate on December 31, 2021 (the "Termination Date"). If the Termination Date falls within the Notice Period, the Termination Date is extended to January 30, 2022, unless the parties reach an agreement that further extends the Termination Date. Nothing herein shall be deemed to be an admission by the Plaintiffs or any representative thereof, that their rights or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York, are altered in any way by the Termination Date.

5.      The City agrees to pay the sum of ONE HUNDRED SEVEN THOUSAND FIFTY-NINE DOLLARS AND ZERO CENTS ($107,059.00) in full satisfaction of plaintiffs' claims for costs, expenses, and attorney's fees that were or could have been incurred in connection with the 2015 Litigation. Such payment shall be made by check within 90 days of the tender of duly executed releases in the form attached hereto as Exhibit A and reasonably necessary supporting documents by White & Case LLP and the Legal Aid Society, including any payment instructions, following entry of an order discontinuing the 2015 Litigation.

6.      In consideration of the payment of the sum described in paragraph "5", plaintiffs' counsel, White & Case LLP and the Legal Aid Society, agree to execute and deliver the releases attached hereto as Exhibit A.

7.      The parties agree to execute and deliver all such documents as may reasonably be required to finalize this Agreement. Without limitation, Plaintiffs' counsel shall

execute and deliver to the City's undersigned counsel (i) releases based on the terms of paragraph "5", (ii) an itemized statement of Plaintiffs' costs incurred in the 2015 Litigation of $57,059, or more, (iii) invoices for any such individual cost exceeding $300, and (iv) substitute W-9 or equivalent forms.   The payment set forth in paragraph "5" is subject to and conditioned on delivery of all necessary documents to the City's undersigned counsel, including any payment instructions.

8.      Nothing contained in this Agreement shall be deemed to be an admission by the City, DOC, or any officer or employee thereof, have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This Agreement shall not be admissible in, nor is it related to, any other litigation or settlement negotiation.

9.      Nothing contained in this Agreement shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

10.     This Agreement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding its subject matter shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

11.     Any notice of communication required by or made pursuant to this Agreement shall be sent by electronic mail, or by first class mail upon request, to counsel at the addresses specified below:

Attorneys for Plaintiffs:          Attorneys for the City of New York:
Colin West                         Janice Birnbaum

5

WHITE & CASE
1221 Avenue of the Americas
New York, New York 10020
cwest@whitecase.com

NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, New York 10007
jbirnbau@law.nyc.gov

Christopher Pisciotta
LEGAL AID SOCIETY
60 Bay Street, 3rd Floor
Staten Island, New York 10301
cppisciotta@legal-aid.org

12.    Any party may change the above designated addresses by written notice to the other parties.


13. Any recorded footage from the video cameras previously installed inside the pre-arraignment attorney-client interview booths at the SI Courthouse that depicts a detainee meeting with his/her attorney and exists in the possession of the City (including the DOC) as of the Effective Date (as defined below), shall be maintained in the exclusive possession of the City's Law Department and shall not be viewed by any person except upon the supervision of attorneys from DOC and/or the City's Law Department.  In the event the City determines that it is necessary to produce the footage to a third party, Counsel for the Plaintiff class shall be provided notice three business days in advance of such production, along with an explanation of why the City determined production is necessary.  The Law Department shall maintain the footage in accordance with its 12-year retention policy.  At the end of the Law Department's retention period and upon request from Plaintiffs, the City will either destroy or overwrite the footage. The City will provide Plaintiffs' counsel, upon request, with a sworn statement attesting to the destruction and/or overwriting of the footage, unless the City obtains a court order, or Plaintiffs' consent permitting it to retain the footage past its retention policy period.

14. The terms of this Agreement shall not become effective until the date Court approves this Agreement pursuant to Federal Rule of Civil Procedure 23 (the "Effective Date"), as set forth in the endorsement below.  The entry of this endorsement approving this Agreement shall not affect this Agreement's status as a private settlement agreement.

Dated:          February 17, 2021
                New York, New York

WHITE & CASE                              JAMES E. JOHNSON
Attorneys for Plaintiffs                  Corporation Counsel for the City of New York
1221 Avenue of the Americas               Attorney for Defendant City of New York
New York, New York 10020                  100 Church Street, Room 2-195
(212) 819-8200                            New York, New York 10007
cwest@whitecase.com                       (212) 356-0285
                                          jbirnbau@law.nyc.gov

By: _____              By: _____
      Colin T. West                            Janice Birnbaum


LEGAL AID SOCIETY
Attorney for Plaintiffs
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3265
jsabel@legal-aid.org

By: _____
      Janet Sabel

JUDICIAL ENDORSEMENT:   I approve this Private Settlement Agreement as fair, reasonable
and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This approval does
not affect this Agreement's status as a Private Settlement Agreement, and the Court does not
retain jurisdiction over this Agreement.

                                   _____  MAR 2 5 2021
                                   Hon. George B. Daniels
                                   HON. GEORGE B. DANIELS

8